# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PACIFIC ENERGY & MINING COMPANY, | 3:06-CV-0074-ECR (VPC) |
| Plaintiff, | |
| vs. | **ORDER** |
| RAKESH SAXENA, et al., | |
| Defendants. | |

This matter originally came before the court through the issuance of an order to show cause why this action should not be dismissed for failure to obtain counsel admitted to practice in the United States District Court for the District of Nevada (#30) against Terry Spencer, Esq. ("Mr. Spencer") concerning his representation of plaintiff, Pacific Energy & Mining Company, in this proceeding. After issuance of the order to show cause, but before the October 24, 2006 order to show cause hearing, the parties submitted a stipulation to dismiss this action with prejudice, which the District Court approved (#32).

At the October 24, 2006 show cause hearing, the court heard sworn testimony of Mr. Spencer concerning his admission to practice in a particular case pursuant to Local Rule ("LR") IA 10-2. *See* Transcript of October 24, 2006 show cause hearing ("Tr. 2") (#37). Thereafter, the court took this matter under submission concerning sanctions against Mr. Spencer, as well as potential referral to the State Bars of Nevada and Idaho. Tr. 2 at p. 25:21-25; 26:1-8.

Notwithstanding the District Court's dismissal of the underlying action, this court retains jurisdiction over the show cause proceeding. *See e.g., United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109-1110 (9th Cir. 2001) (retaining jurisdiction to sanction attorneys pursuant to Rule 11 even after case was remanded back to state court); *see also*, *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989) (federal courts have inherent power to sanction "miscreant" attorneys based on a judge's need to maintain order and preserve the dignity of the court).

1    The court has thoroughly reviewed the record in this matter, as well as other proceedings on file in this court in which Mr. Spencer attempted to appear as counsel. Pursuant to LR IA 10-7, this court finds that Mr. Spencer violated the standards of conduct provided by the Model Rules of Professional Conduct, as adopted by the Supreme Court of Nevada, and directs that Mr. Spencer be prohibited from future admission to practice before the United States District Court for the District of Nevada and that this order be provided to the State Bar of Nevada and State Bar of Idaho.

**I.    Procedural History**

Mr. Spencer has made appearances as counsel in the United States District Court for the District of Nevada in four separate proceedings. Each is reviewed in turn.

**A.    *Tariq Ahmad v. IDC Solutions, Inc, et al.,* 3:02-cv-00250-DWH-VPC**

In 2002, plaintiff filed a complaint in this action in *pro se* (#2). On January 2, 2003, Mr. Spencer made an appearance as counsel on behalf of cross-defendant, Kamputech, Inc. (#28). Mr. Spencer provided a business address in Sandy, Utah (#28), and the record indicates that he never made an application for admission to practice pursuant to Local Rule ("LR") IA 10-2. The court held a motions hearing on August 18, 2003, and Mr. Spencer appeared telephonically (#39). The court set this matter for a settlement conference, but the parties stipulated to dismiss the action with prejudice before it was held (#43).

**B.    *Tariq Ahmad v. Charter Communications, LP,* 3:05-cv-00170-ECR-RAM**

On March 22, 2005, Tariq Ahmad filed a *pro se* complaint, this time against Charter Communications (#2). On April 27, 2006, over one year later, Mr. Spencer filed a document styled, "Appearance of Counsel," for plaintiff, which he filed "in conformance with Order Granting Right to Practice Law as In-House Counsel dated November 10, 2005" (#39). On April 28, 2006, the Clerk of Court issued a notice to Mr. Spencer that pursuant to LR IA 10-2, he must comply with completion and electronic filing of designation of local counsel and verified petition (#42). Thereafter, defendant filed an objection to Mr. Spencer's appearance as counsel on the ground that plaintiff and Mr. Spencer had represented to defendant's counsel that Mr. Spencer intended to make an appearance in this action and that he was *able* to make such an appearance (#43). Defendant stated:

> It was not until April 17, 2006, after contacting the State Bar of Nevada, that Charter's counsel became informed of Mr. Spencer's conditional admission to the State Bar of Nevada under Supreme Court Rule ("SCR") 49.10. SCR 49.10 explicitly precludes Mr. Spencer from practicing before any state court in the State of Nevada and, as such, he is equally precluded under LR IA 10-1 from admission to the Bar of this Court. In sum, Mr. Spencer must be precluded from acting as counsel for Ahmad in this case.

*Id.* at p. 2. That same day, Judge McQuaid issued a minute order that Mr. Spencer's notice of appearance (#39) was of no effect and that he could not act as plaintiff's counsel until he complied with LR IA 10-2 (#45). On May 2, 2006, Judge McQuaid issued a second minute order and stated that in response to the court's prior minute order, Mr. Spencer advised the court that he is a member of the Nevada Bar, Bar # 9682 (#47). Nevertheless, Judge McQuaid found that until Mr. Spencer complied with LR IA 10-2, he was prohibited from practicing in that case. *Id.* Thereafter, the court set a hearing on Mr. Spencer's status for May 8, 2006 (#48). At the May 8th hearing, the court issued the following minute order:

> The Court addresses the parties and advises them as to the purpose of this hearing. Mr. Spencer presents his arguments to the Court. Ms. Goddard presents her arguments to the Court. After some discussion, *the Court orders that Mr. Spencer may not practice in Federal Court in this district.* Mr. Ahmad will continue to appear in proper person.

(#49) (emphasis supplied). On August 9, 2006, this action was dismissed with prejudice pursuant to stipulation of the parties (#77).

    **C.**    *Satview Broadband, Ltd. v. Kurien, et al.,* **3:05-cv-00006-BES-VPC**

On January 5, 2005, Tariq Ahmad filed a third complaint in *pro se* (#2), naming himself as the plaintiff, although District Court subsequently ordered Mr. Ahmad to amend the complaint to name Satview Broadband, Ltd. as the plaintiff (#23). At that September 1, 2005 hearing, the District Court also ordered that Satview Broadband, Ltd. secure counsel. *Id.* On November 15, 2005, Mr. Spencer once again filed an appearance of counsel, and listed his address in Reno, Nevada as 137 Varrar [sic] Street, the same address (but for the misspelling), provided by Mr. Ahmad when he filed his original complaint in *pro se* (#30). Mr. Spencer noted at the heading of this notice, "Terry R. Spencer, Ph.D. P.C. #Pending as of 11-10-05." *Id.*

3

On March 13, 2006, this court vacated Mr. Spencer's notice of appearance (#35), and thereafter scheduled a hearing on this and other matters (#37). The court also required Mr. Spencer to appear in person for that hearing. *Id.* On May 5, 2006, Mr. Spencer filed a motion for admission to practice (#38), and on May 8, 2006, the court held a status hearing (#39). After hearing from the parties, the court denied Mr. Spencer's motion for admission to practice pursuant to a provisional order granting him the limited right to practice law in the State of Nevada as in-house counsel pursuant to SCR 49.10. *Id.* The court ordered Mr. Spencer's $175.00 filing fee refunded to him, and referred Mr. Spencer to LR IA 10-2. *Id.* The court minutes reflect that Mr. Spencer conceded that he did not qualify to represent plaintiff pursuant to that local rule of court. *Id.* Since Satview Broadband, Inc., the newly substituted plaintiff, is a corporation, the court advised that it must retain local counsel and do so no later than May 12, 2006. *Id.*

Thereafter, Mr. Ahmad filed a motion/petition for certification to file interlocutory appeal to the Ninth Circuit (#41), which the District Court denied on January 18, 2007 (#49).

It is with Mr. Spencer's activities in these three cases in mind that the court now turns to this proceeding.

### D. *Pacific Energy & Mining Co. v. Saxena, et al., 3:06-cv-00074-ECR-VPC*

On February 9, 2006, Mr. Spencer filed a complaint on behalf of Pacific Energy & Mining Co. ("plaintiff"), and he stated at the heading of the complaint: "Terry R. Spencer NV Bar No. 9682, 137 Vassar Street, #5, Reno, Nevada 89502" (#1). Plaintiff alleged fraud, conversion, breach of fiduciary duty, constructive fraud, civil conspiracy and RICO violations, which concerns a securities fraud scheme that was allegedly originated and executed in Canada. *Id.*[1]

On August 8, 2006, this court issued a standard minute order directing the parties to file a discovery plan and scheduling order (#25), which had not been done, presumably because motions to

---

[1] In their motion to dismiss, defendants Jack Martin and Jack Martin & Associates, stated, "This is a re-tread of a frivolous action by Tariq Ahmad, who is not unknown to this Court. Mr. Ahmad [] brought an action . . . against all defendants in September 2003 (Case Number: CV-N-0487-LRH-RAM). The Martin Defendants filed a motion to dismiss for lack of personal jurisdiction which went unopposed by the Plaintiff. However, the Court never had the opportunity to entertain the Martin Defendant's [sic] previous motion due to the fact that the case was dismissed on other grounds" (#22).

dismiss were pending (#s 9/22). As a result, the court scheduled a case management hearing on September 22, 2006, and it was not until this hearing that the court learned that Mr. Spencer was once again attempting to act as plaintiff's counsel.

### 1. The September 22, 2006 Hearing

Mr. Spencer appeared telephonically for the hearing, and the court inquired about Mr. Spencer's authorization to practice law in the State of Nevada, given his prior history with this court in *Satview Broadband v. Kurien*. *See* Transcript of case management hearing, September 22, 2006, page 2, lines 15-19 (hereafter "Tr. 1") (#35). Mr. Spencer told the court that this matter had been resolved because a licensed Nevada attorney, Mike Well, would appear with him, and that there existed a reciprocal agreement between "the two states," effective October 1, 2006. Tr. 1 at 2:21-25.[2] Mr. Spencer also stated that a reciprocal agreement between Nevada and Idaho would go into effect on October 1, 2006; therefore, he would be allowed to serve as plaintiff's counsel. Tr. 1 at 2:24-25; 3:1-2. When Mr. Spencer assured the court that he would have a license before he appeared in front of the court, the court explained that by virtue of this hearing and the fact that he had filed papers in this action, he had, in fact, made a court appearance. Tr. 1 at 3:1-9. When pressed to state whether Mr. Spencer was authorized by the Nevada State Bar to appear as a lawyer in the District of Nevada without local counsel as of September 22, 2006, the date of the hearing, Mr. Spencer replied that he had submitted his paperwork to the State Bar of Nevada, but he was advised to wait "because of this new change to the rule at the end of the month." Tr. 1 at 3:10-16. Mr. Spencer did not receive this advice in writing, and he could not recall the State Bar employee's name who provided this advice. Tr. 1 at 3:17-24.

The court commented that it found Mr. Spencer's explanation very peculiar and advised that the court intended to contact the State Bar of Nevada for more information. Tr. 1 at 4:2-9. Mr. Spencer admitted that as of the date of the hearing, he was not authorized to appear in this case, and went on to state:

---

[2] Notwithstanding Mr. Spencer's representation to the court, Mike Well never appeared in this action as local counsel on behalf of plaintiff.

5

> Perhaps I can help you clarify it, Your Honor. There's a reciprocal agreement between the State of Idaho and the State of Nevada which is effective October 1. I am a licensed attorney in the State of Idaho. So, I've contacted them and prepared all the paperwork to have Nevada approve me, but they can't do it until the new reciprocal agreement is effective, if that helps.

Tr. 1 at 4:21-25; 5:1-2.

Mr. Wait, counsel for defendant Rakesh Saxena, then reported to the court that Mr. Ahmad had been on notice for several months that the plaintiff corporation could not represent itself in this case, and he requested an order to show cause why this action should not be dismissed for plaintiff's failure to make appropriate arrangements for counsel to appear who is so authorized. Tr. 1 at 5:8-21. Counsel for the Martin defendants joined in the request, and the court granted the motion. Tr. 1 at 6:8-16. It was at this point in the hearing that the court recalled this same issue having arisen in the *Satview Broadband v. Kurian* matter, but did not recall the case name or the specific facts. Tr. 1 at 6:11-20.

Under these circumstances, the court stayed the filing of the discovery plan and scheduling order until the disposition of the pending motions to dismiss. Tr. 1 at 8:10-16. However, the court set the order to show cause hearing for October 24, 2006. Tr. 1 at 7:3-5. On October 11, 2006, the parties submitted a stipulation and order to dismiss this case with prejudice (#31), which this court approved the following day (#32). Notwithstanding the order dismissing the case, the court held the October 24, 2006 order to show cause hearing (#34).

### 2. The October 24, 2006 Hearing

At the October 24, 2006 hearing, the court recited the chronology of events in this proceeding, which had resulted in the issuance of an order to show cause. Tr. 2 at 1-5 (#37). Mr. Spencer was placed under oath and asked to make a statement. Tr. 2 at 5:14-25; 6:1. Mr. Spencer first offered as Exhibit 1, which is an October 19, 2006 letter from Mr. Spencer to Rob Bare, Nevada Bar Counsel, which includes an attachment from the Idaho State Bar website. Tr.2 at 7:4-9. The attachment is entitled "Reciprocal Admission, Idaho Bar Commission Rule 204A." Tr. 2 at 7:8-10. Mr. Spencer admitted that this document supplied by the Idaho State Bar said nothing about a reciprocal agreement between Nevada or any other state. Tr. 2 at 7:15-21.

6

When the court recited the portion of the September 22, 2006 court minutes which indicate that Mr. Spencer stated on the record that Idaho and Nevada entered a reciprocal agreement, effective October 1, 2006, allowing Mr. Spencer to be licensed to practice law in the State of Nevada, Mr. Spencer told the court that he believed the minutes of the court were incorrect and that he did not make such a representation. Tr. 2 at 8:3-12.

Mr. Spencer then testified that several sources told him that such a reciprocal agreement was in the works between Nevada and Idaho, although these sources were Utah lawyers. Tr. 2 at 8:25; 9:1-18. Mr. Spencer acknowledged that the so-called reciprocity rule between Idaho and Nevada at the September 22, 2006 hearing was not only not in effect, but had no application whatsoever to Mr. Spencer's authorization to practice law in Nevada. However, he claimed that his new understanding was a result of a conversation he had with a Nevada Bar representative after the September hearing. Tr. 2 at 9:23-25; 10:1-11. Mr. Spencer testified that he contacted Dean Fernandez of the Nevada State Bar who advised him that there are no discussions between Nevada and Idaho regarding a reciprocity agreement. Tr. 2 at 10:3-16. When pressed to reconcile his new found knowledge with his representations to the court in September, Mr. Spencer replied, "I guess I should have taken the opportunity to speak with them about that first." Tr. 2 at 10:24-25.

The court then queried Mr. Spencer about his attempts to represent parties in other cases pending before the District Court, and Mr. Spencer once again referred to conversations he had with Dean Fernandez of the Nevada State Bar. Tr. 2 at 12:4-13. This time, Mr. Spencer invoked SCR 49.10, which authorizes admission to in-house counsel to practice in Nevada, but expressly prohibits in-house counsel from appearing in any court in the State of Nevada. According to Mr. Spencer's testimony, Mr. Fernandez advised him that SCR 49.10 "did not directly apply to federal court" because "... the federal court will make up its own mind who can appear in front of it." Tr. 2 at 12:19-25; 13:1-2. Notwithstanding the fact that this court and Judge McQuaid told Mr. Spencer in May 2006 that he was not authorized to practice in United States District Court because he failed to comply with LR IA-10(1), Mr. Spencer continued to insist that this rule did not prevent him from appearing as counsel in this court. Tr. 2 at 13:17-25; 14:1-13. When the court reviewed SCR 49.10 in open court and pressed Mr. Spencer

7

to reconcile his position with the plain meaning of SCR 49.10(7), which expressly prohibits in-house counsel from appearing in *any* court in Nevada, Mr. Spencer responded that he had no answer, that he provided the court with the information he had, and it turned out he was wrong. Tr. 2 at 15:1-25; 16:1-24.

The court and Mr. Spencer then had this colloquy:

> The Court: And let me ask you this. When both Judge McQuaid in another case, and this court in this proceeding, pretty consistently questioned your position that Supreme Court Rule 49.10 authorized you to come into this court, you continued to take the position, as late as the September 22nd hearing, that you are authorized to do so.
>
> Mr. Spencer: And I was wrong, Your Honor.

Tr. 2 at 16:25; 17:1-6 (emphasis supplied).

Mr. Spencer continued to defend his representations to this court by then testifying that SCR 49.10 did not apply to this court's Local Rules of Practice because there is no express reference to SCR 49.10. Tr. 2 at 18:17-25; 20:1-6. The court read into the record LR IA 10-7, which incorporates by reference the Model Rules of Professional Conduct as adopted and amended by the Supreme Court of Nevada. Tr. 2 at 19:10-22. When asked once again to reconcile the Local Rules with his conduct, Mr. Spencer blamed the Nevada State Bar employee for providing him with incorrect information. Tr. 2 at 19:10-25; 20:1-23. Mr. Spencer testified that rather than reading the rules, he relied on his understanding of a communication from a Nevada State Bar employee who told him he could practice and "whatever rules the District of Nevada made up are what governed [him]." Tr. 20:24-25; 21:1-6. Mr. Spencer claimed that until this hearing, he did not understand this court's local rules of practice incorporated the Nevada Supreme Court Rules. Tr. 2 at 21:7-19.

At the conclusion of the hearing, the court advised that it intended to take this matter under advisement to review the transcript of the September 22, 2006 hearing and the entire record. Tr. 2 at 25:21-25;26:1-8.

**II.     Discussion and Analysis**

**A.     Discussion**

LR IA 10-2 governs admission to practice in the United States District Court, and subsection (a) provides:

> An attorney who is not a member of the bar of this court, who has been retained or appointed to appear in a particular case may do so only with the permission of the court. Application for such permission shall be by verified petition on the form furnished by the clerk. An attorney may submit the verified petition if the following conditions are met:
>
> (1)  The attorney is not a member of the State Bar of Nevada;
> (2)  The attorney is not a resident of the State of Nevada;
> (3)  The attorney is not regularly employed in the State of Nevada;
> (4)  The attorney is not engaged in substantial business, professional, or other activities in the State of Nevada;
> (5)  The attorney is a member in good standing and eligible to practice before the bar of any jurisdiction of the United States: and
> (6)  The attorney associates an active member in good standing as counsel of record in the action or proceeding.

LR IA 10-7 establishes the ethical standards, disbarment, suspension and discipline for attorneys who appear in this court, and subsection (a) provides:

> <u>Model Rules</u>. An attorney admitted to practice pursuant to any of these rules shall adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct, as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this court. Any attorney who violates these standards of conduct mat be disbarred, suspended from practice before this court for a definite time, reprimanded or subjected to such other discipline as the court deems proper. This subsection does not restrict the court's contempt power.

Nevada Supreme Court Rule ("SCR") 49.10 governs the limited practice of attorneys employed in government or as in-house counsel, and subsection (1) states:

> *Who may apply.* Notwithstanding the provisions of Rule 49, an attorney who is admitted to practice law in any other jurisdiction, and who is employed exclusively for a single governmental entity or as in-house counsel for a single corporation (including subsidiaries or affiliates), association, partnership, or other business entity situated in or qualified to do business in Nevada, whose lawful business consists of activities other than the practice of law or the provision of legal services, may be

9

>admitted to limited practice in this jurisdiction subject to the conditions of this rule and to such further conditions as the court may hereafter direct.

SCR 49.10(7)(a) limits the activities of attorneys allowed to practice law in Nevada under this rule, and the following particular provisions apply in this proceeding:

>(a) Unless otherwise permitted by law, an attorney admitted under this rule may not:
>
>>(1) Appear as counsel of record for the employer in Nevada in any court, before any administrative or political agency, or in any arbitration, mediation, or alternative dispute resolution proceeding which is court ordered or annexed or authorized by law or administrative rule;
>>* * * * *
>>(3) Hold himself or herself out to the public as an attorney so authorized or engaged.

**B.     Analysis**

The court has taken the trouble to outline to chronology of events regarding Mr. Spencer's activities in all of these cases because it reveals that although Mr. Spencer testified as late as October 24, 2006 that he did not understand the rules for admission to practice in the United States District Court, this is untrue.

In 2006, Mr. Spencer unsuccessfully attempted to appear as counsel, in *Charter Communications* (3:05-cv-00170-ECR-RAM) and *Satview Broadband (*3:05-cv-00006-BES-VPC). Coincidentally, hearings were held in both proceedings on May 8, 2006, during which this court and Judge McQuaid considered Mr. Spencer's admission to practice law under the court's local rules. Judge McQuaid not only prohibited Mr. Spencer from appearing as counsel in that case; the minute order went on state, "[T]he Court orders that Mr. Spencer may not practice *in Federal Court in this district"* (3:05-cv-00170-ECR-RAM, (#49)) (emphasis supplied).  The plain meaning of Judge McQuaid's order expressly prohibited Mr. Spencer from practicing in this court, not only in the *Charter Communications* case, but in any case.

On May 8, 2006, this court also considered and rejected Mr. Spencer's argument that his provisional authorization to practice law as in-house counsel pursuant to SCR 49.10 allowed him to

appear in court and circumvent this court's local rules for admission to practice (3:05-cv-00006-BES-VPC, (#39)).

In the face of two orders from United States Magistrate Judges concerning the requirement that Mr. Spencer seek admission to practice in a particular case pursuant to LR IA 10-2, Mr. Spencer never withdrew his notice of appearance in this proceeding, and he continued to represent plaintiff, Pacific Energy.  It was not until September 22, 2006, four months later, that Mr. Spencer once again improperly appeared as counsel for a party in this court.  This time, Mr. Spencer abandoned, at least for a time, his argument that SCR 49.10 allows in-house counsel to practice before this court.  Instead, he claimed that the State Bars of Nevada and Idaho had entered into an unprecedented reciprocity agreement to allow attorneys from each state to practice law in the other state.  When the court expressed skepticism that such an agreement existed, Mr. Spencer assured the court that this was so, and that the agreement was to be effective October 1, 2006.  Tr. 1 at 4:21-25;5:1-2. Not only were these statements untrue, Mr. Spencer testified at the October 24, 2006 order to show cause hearing that he did not make this representation to the court in September. Tr. 2 at 7:22-25; 8:1-12.  This, too, is untrue.

At the October 24, 2006 hearing, rather than take responsibility for the misrepresentations made to this court, Mr. Spencer blamed a Nevada State Bar employee for misinforming him. When that failed, Mr. Spencer once again resorted to the argument that SCR 49.10 allows him to appear in this court, despite the fact that two judges had earlier considered and flatly rejected this argument in May 2006. In every instance in which this court attempted to compel Mr. Spencer to reconcile his shifting positions with respect to SCR 49.10, LR IA 10-2, prior court proceedings, his prior statements to this court, and his communications with State Bar of Nevada representatives, Mr. Spencer was evasive and consistently failed to take responsibility for his conduct. The only saving grace of the hearing was that Mr. Spencer advised the court that he had voluntarily given up his provisional license to practice law in Nevada pursuant to SCR 49.10.  Tr. 2 at 17:21-24.

The court relies on attorneys who come before it to meet the high standards of professional conduct expected of an officer of the court, including competence (SCR 151), asserting only meritorious claims in a proceeding (SCR 170), candor to the tribunal (SCR 172), expediting litigation consistent with

11

the interests of the client (SCR 171), fairness to the opposing party and counsel (SCR 173), being truthful in statements to others (SCR 181), and not engaging in the unauthorized practice of law (SCR189). This court finds that Mr. Spencer fell well below that standard as it concerns each of the rules of professional conduct enumerated herein. In addition, because Mr. Spencer engaged in this conduct in separate proceedings before this court, this court was constrained to devote a substantial time to determine exactly how Mr. Spencer has conducted himself throughout these cases.

### III.   Conclusion

Based upon the foregoing, this court finds that Mr. Spencer fell well below the standards of professional conduct expected of attorneys admitted to appear before this court. Pursuant to LR IA 10-7(a), it is ordered that Mr. Spencer shall be permanently prohibited from admission to this court, and the clerk of the court is directed to send a copy of this order to the State Bars of Nevada and Idaho.

Pursuant to LR IB 3-1, any party wishing to object to this order shall, within ten (10) days from the date of service, file and serve specific a written objection to the ruling together with points and authorities in support thereof. The opposing party shall within ten days thereafter file points and authorities opposing the objection. Points and authorities filed in support of or in opposition to the order are subject to the page limits set forth in LR 7-4. If no objection to this order is filed within ten (10) days, this order shall stand as the final order.

**IT IS SO ORDERED.**

DATED:   April 2, 2007.

_____
UNITED STATES MAGISTRATE JUDGE